[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15717
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22542-WPD
1:12-cr-20217-WPD-1

VERNON JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 3, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Vernon Jones appeals the district court's order dismissing his 28 U.S.C.

§ 2255 motion to vacate as time-barred.  This Court granted Jones a certificate of

appealability on whether the district court erred in dismissing Jones's § 2255 motion as time-barred under § 2255(f)(3) on the ground that *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not apply to the Sentencing Guidelines.

We review *de novo* the dismissal of a § 2255 motion as time-barred. *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007). The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one year statute of limitations for filing a § 2255 motion, which runs from the latest of four possible triggering dates, including, as relevant here, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court invalidated as unconstitutionally vague the Armed Career Criminal Act's residual clause. 135 S. Ct. at 2557-58. *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1264-65, 1268 (2016). But in *Beckles v. United States*, the Supreme Court held that the Sentencing Guidelines are not subject to a constitutional vagueness challenge, so the residual clause in the Guidelines remained valid. 137 S. Ct. 886, 894-95 (2017). Because *Beckles* dictates that *Johnson*'s rule does not apply to the Sentencing Guidelines, the district court did not err.

**AFFIRMED.**